Charles T. MARQUIS, Petitioner, Appellant,

v.

UNITED STATES of America, Respondent, Appellee.

No. 82–1174.

United States Court of Appeals, First Circuit.

Argued Nov. 2, 1982.

Decided Jan. 10, 1983.

---

Philip H. Lauro, Springfield, Mass., for petitioner, appellant.

Maurice R. Flynn, III, Asst. U.S. Atty., Boston, Mass., with whom William F. Weld, U.S. Atty., Boston, Mass., was on brief, for respondent, appellee.

Before CAMPBELL and BREYER, Circuit Judges, and HEMPHILL,* Senior District Judge.

HEMPHILL, District Judge.[1]

Charles T. Marquis appeals from a summary judgment order, entered by the United States District Court for the District of Massachusetts denying his motion to vacate

his sentence pursuant to provisions of 28 U.S.C. § 2255. Finding no merit in his appeal, we affirm.

Appellant, an insurance broker in West Springfield, Massachusetts, was indicted for 30 counts of mail fraud (18 U.S.C. § 1341) and one count of conspiracy (18 U.S.C. § 371), on December 20, 1979, along with Robert L. Chesley, his brother-in-law, and Jeffrey Nolin, his son-in-law. Named as unindicted co-conspirators were Lawrence Marquis, his brother, and Richard Bainer, a sub-agent of the Charles T. Marquis Insurance Agency. The indictment alleged the conspirators had defrauded a plethora of elderly persons in the sale/issuance of insurance policies and/or insurance coverage.

The case was timely called for trial in the Springfield Division of the Massachusetts District Court and continued for 10 days. When the government finished its prosecution-in-chief, a recess was called, and, after discussions with his lawyer and his family, petitioner ·pled guilty to the conspiracy count and seven counts of mail fraud. He was sentenced to custody of the Attorney General for four years and a fine of $7,500 on the conspiracy count, and given additional fines of $500 on each mail fraud count. He was paroled effective September 5, 1981.

The sole question is:

Should the defendant's change of plea from not guilty to guilty, . . . be considered coercive and thus effect the voluntariness of the change of plea, rendering such a plea invalid?

Subsequent to the sentencing on March 13, 1980, all three conspirators were continued on bail in order that each might report to the designated federal institution.

A chronology of events is recited with accompanying explanation. On August 28, 1980, Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. This Motion recites that a previous Motion for Reduction of

---

* Of the District of South Carolina, sitting by designation.

1. The Honorable Robert W. Hemphill, Senior United States District Judge of the District of South Carolina, sitting by designation.

Sentence had been denied. His Ground One was "Conviction obtained by plea of guilty which was unlawfully induced or with(out?) understanding the nature of the charge and the consequences of the plea." In a statement of supporting facts he says he was led to believe that his sentence would be a probationary one if he pled guilty, and that undue duress was placed on him to plead guilty. The reviewing judge found this motion to be frivolous. On October 7, 1980, he appealed the dismissal of this petition but this appeal was never perfected.

On July 25, 1980, petitioner wrote a letter to the Court in which he states he pled guilty because of "bad advice and family ties." He does not say his plea was unlawful or that he did not understand the nature of the plea or that he was promised/expected probation. He does say "It is not the purpose of this letter to say that I shouldn't be punished if, in the eyes of the law, I broke a law, then I can accept punishment, and I respectfully request that you reconsider my sentence...." This Court must assume the Court gave this letter the careful attention the record reflects as having extended to other offerings.

On October 26, 1981, petitioner filed a second motion under 28 U.S.C. § 2255, accompanied by a letter of transmittal to the Clerk of Court. He explains therein his reason for not perfecting his appeal as, "Petitioner not aware of legal options available ... acting as pro se litigant it took almost one year to accumulate sufficient information to present motion...." The grounds claimed in this motion were: (a) conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea; (b) conviction obtained by coerced confession; (c) conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure; and (d) conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

This case emphasizes the importance of compliance with Rule 11.[2] As stated, *supra,* petitioner is seeking relief under 28 U.S.C. § 2255 which, in effect, is a collateral attack on his guilty plea. In *United States v. Timmreck,* 441 U.S. 780, 99 S.Ct. 2085, 60 L.Ed.2d 634 (1979), the United States Supreme Court examined the appropriate standard of review for an alleged violation of Rule 11 when the issue was failure to comply with the formal requirements. The Court held that where an error did not amount to a complete miscarriage of justice or in a proceeding inconsistent with the rudimentary demands of fair procedure that collateral relief is not available to the petitioner. In this case, petitioner charges that his guilty plea was made involuntarily due to actions of his counsel. Since this

2. Rule 11(c) and (f), Federal Rules of Criminal Procedure provides:

(c) ADVICE TO DEFENDANT. Before accepting a plea of guilty or nolo contendere, the court must address the defendant personally in open court and inform him of, and determine that he understands, the following:

(1) the nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law, including the effect of any special parole term; and

(2) if the defendant is not represented by an attorney, that he has the right to be represented by an attorney at every stage of the proceeding against him and, if necessary, one will be appointed to represent him; and

(3) that he has the right to plead not guilty or to persist in that plea if it has already been made, and he has the right to be tried by a jury and at that trial has the right to the assistance of counsel, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself; and

(4) that if his plea of guilty or nolo contendere is accepted by the court there will not be a further trial of any kind, so that by pleading guilty or nolo contendere he waives the right to a trial; and

(5) if the court intends to question the defendant under oath, on the record, and in the presence of counsel about the offense to which he has pleaded, that his answers may later be used against him in a prosecution for perjury or false statement.

(f) DETERMINING ACCURACY OF PLEA. Notwithstanding the acceptance of a plea of guilty, the court should not enter a judgment upon such plea without making such inquiry as shall satisfy it that there is a factual basis for the plea.

charge is more serious than a mere technical violation of the requirements of Rule 11, this Court is bound by Judge Bownes' ruling in *Mack v. United States,* 635 F.2d 20 (1st Cir.1980), and will analyze the circumstances surrounding the voluntariness of the petitioner's plea. A comparison of the instant case with *Mack* convinces this Court that the compliance with Rule 11 was sufficient. This is supported by the affidavits of all counsel and the colloquies between Court and petitioner and Court and counsel in the plea and sentencing process.

■ After placing petitioner and others under oath, the Court carefully explained that his address to each defendant was to determine if each understood "the ramifications of what you are doing by offering a change of plea at this stage." In accordance with this Circuit's standards [3] and the interpretation of the United States Supreme Court in *McCarthy v. United States,* 394 U.S. 459, 464, 89 S.Ct. 1166, 1169, 22 L.Ed.2d 418, 424 (1969), the court interrogated the petitioner. The petitioner placed on record, under oath, that he understood the nature and consequences of the charges, the penalty provided by law including the maximum, and the impact of his plea, including waiver of his constitutional rights, his right to trial and/or appeal. As stated in *McCarthy:*

> [T]he Rule is intended to produce a complete record at the time the plea is entered of the factors relevant to this voluntariness determination. Thus, the more meticulously the Rule is adhered to, the more it tends to discourage, or at least to enable more expeditious disposition of, the numerous and often frivolous post-conviction attacks on ... guilty pleas.

■ At the time of the plea, the District Judge questioned the petitioner at length and gave him every opportunity to reconsider and withdraw his guilty plea. He did not. Petitioner was a sophisticated and successful businessman. He understood what he was doing and pled guilty voluntarily. Being an insurance salesman, petitioner possessed the necessary forcefulness and articulation to tell the Judge he was being forced against his will to plead guilty if that was indeed the case. This Court finds that the petitioner voluntarily entered a plea of guilty. Unlike *Mack, supra,* he gave the Judge no indication that his plea was other than voluntary.

We find, also that the trial court had a sufficiency of information, after 10 days of trial, to find satisfactorily that there was a factual basis for the plea. (Rule 11(f), *supra*). There is no evidence in the record of a plea bargaining agreement.

Attached to Appellee's brief are various affidavits [4] which completely refute the frivolous and apparently false allegations. Petitioner made no reply/response to the government's motion and there is no insistence in the record here that the Court should have held an evidentiary hearing.[5] It appears the purpose of Rule 11 has here been emphasized, as explained in *McCarthy* to insure "that a defendant's guilty plea is truly voluntary." *McCarthy,* at 465, 89 S.Ct. at 1170. Additionally, Rule 11 implicitly provides a procedure and a standard, if complied with, to protect the District Courts from unending collateral attacks on guilty plea procedures.

*Affirmed.*

---

**3.** In *Domenica v. United States,* 292 F.2d 483 (1st Cir.1961), this Court decided that a Rule 11 compliance commanded that 1) the plea be voluntarily made, 2) with an understanding of the nature of the charge, and 3) that the Court address the defendant personally.

**4.** Affidavits of Robert M. Santaniello, petitioner's trial counsel, Paul E. Troy, Assistant U.S. Attorney in charge of prosecution, and John T. Burns, Postal Inspector who was present during discussion leading up to the plea.

**5.** *See,* Rules governing § 2255 proceedings in the United States District Courts, Rule 8(a).