**UNITED STATES of America**

v.

**James McHUGH.**

**Cr. No. 83–045 P.**

United States District Court, D. Rhode Island.

March 22, 1984.

James O'Neil, Asst. U.S. Atty., D.R.I., Providence, R.I., for plaintiff.

James Merberg, Boston, Mass., for defendant.

## OPINION AND ORDER

PETTINE, Senior District Judge.

The defendant James McHugh and his brother Lawrence were charged in a two-count indictment with conspiracy to distribute marijuana, in violation of 21 U.S.C. § 846, and possession of marijuana with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(6). Before trial, James moved to suppress certain evidence emanating from the search and seizure of a pickup truck, while Lawrence filed a motion for the severance of his trial from that of James. The Court held a hearing on James' suppression motion and denied it in a published opinion on November 8, 1983. *United States v. McHugh*, 575 F.Supp. 111 (D.R.I.1983). On December 15, 1983, Lawrence's request for a separate hearing was granted. The case against Lawrence McHugh was assigned to commence on December 19, 1983, to be followed immediately by that of James.

On the morning of December 19, the Court was advised that James McHugh wished to enter a guilty plea under Federal Rule of Criminal Procedure 11(a)(2), which allows conditional pleas.[1] Following an exhaustive interrogation of the defendant as required by Federal Rule of Criminal Procedure 11(c), the plea was entered on the condition that James be allowed to appeal the denial of his suppression motion. The trial of Lawrence went forward and the jury returned a verdict of not guilty. James then fired the attorney who represented him when he pleaded guilty, retained the counsel who successfully defended his brother, and now moves to vacate his guilty plea.

In the memorandum accompanying his motion to vacate, the defendant contended that: (1) on the morning of December 19, 1983, "he did not intend to enter pleas of guilty"; (2) he "pled guilty in an equivocal manner ... following a brief conference with his then counsel"; (3) "at the time of the taking of the plea the Court inquir[ed] of the Defendant specifically as to whether or not he was guilty of Title 21 violations involving a Schedule II controlled substance";[2] (4) "the 'last minute' nature of

---

1. Rule 11(a)(2), which was recently enacted, states:

    (2) Conditional pleas. With the approval of the court and the consent of the government, a defendant may enter a conditional plea of guilty or nolo contendere, reserving in writing the right, on appeal from the judgment, to review of the adverse determination of any specified pretrial motion. If the defendant prevails on appeal, he shall be allowed to withdraw his plea.

2. "Marijuana which is the subject matter of the instant indictment, is a Schedule I controlled substance which, under certain circumstances, carries different penalties than those charging a violation involving a Schedule II controlled substance." Def.'s Memorandum at p. 3.

the change of plea coupled with the Defendant James McHugh's confusion surrounding the classification of marijuana as a Schedule II controlled substance rather than a Schedule I controlled substance has placed the Defendant in the position of being unclear as to what crime and the potential penalties he has pled to"; and (5) on the day he pleaded he "did not clearly understand the crimes to which he has admitted guilt or the penalties and, in fact, his replies to the Court in several instances were equivocal." At oral argument the defendant further contended that Fed.R. Crim.P. 11(a)(2) requires that the right to appeal an adverse ruling on a pre-trial motion be reserved in writing. Since that was not done in this case, James argued that the guilty plea is defective and must be vacated.

■■■■ The threshold question to be determined is whether the defendant must be allowed to withdraw his guilty plea because the issue to be argued on appeal was not reserved in writing. Research seems to indicate that this is a novel issue. The legislative history is clear as to the intent of the rule but silent as to the rigors of the application of its terms.

The advisory committee note on Rule 11(a) tells us that,

> [t]he requirement that the conditional plea be made by the defendant "reserving in writing the right to appeal from the adverse determination of any specified pretrial motion," though extending beyond the Second Circuit practice, will ensure careful attention to any conditional plea. It will document that a particular plea was in fact conditional, and will identify precisely what pretrial issues have been preserved for appellate review. By requiring this added step, it will be possible to avoid entry of a conditional plea without the considered acquiesence of the government ... and post-plea claims by the defendant that

his plea should be deemed conditional merely because it occurred after denial of his pretrial motions....

Fed.R.Crim.P. 11(a) Advisory Committee Note, *reprinted in* 8 Moore's Federal Practice, Special Alert, at 17–18 (2d ed. 1983).

In the context of this case it is clear that the intent of Rule 11(a) was fulfilled. The plea was, indeed, conditional and did identify clearly the pretrial issues preserved for appellate review. At the plea hearing, defendant's counsel stated "[The] plea, your Honor, is a conditional plea as agreed in order to—for the defendant to have his right to reserve the appellate issue concerning the search.... [It] is a legal issue and not a fact issue and he wishes to preserve it for appeal." Subsequently, in the course of the hearing, I stated to the defendant, "Now, in this case, this plea is being accepted preserving to you the right to argue the merits of the ruling I made on the motion to suppress. That, of course, would remain. You could have—the right before the Supreme Court—I mean, before the First Circuit Court of Appeals. But outside of that, all these other rights are given up. You understand that?" The defendant replied he did. At another point, the United States Attorney stated, "... this is to be a plea entered into with the court's consent, of course, pursuant to Rule 11(a)(2) as amended by the Federal Rules of Procedure whereby the defendant will be filing this plea on a conditional basis in order to preserve his appellate right."

Although the issue preserved was definite and, arguably, the conditions of the plea were adequately documented by the transcript of the proceedings, the issue for appellate review was not "reserved in writing." I can see no justification for chipping away at the clear mandate of the rule. Because I take these quoted words to mean a document emanating from the defendant,[3] reviewable by the court and the prose-

---

**3.** The Court does not mean to suggest that the prosecutor could not draft the Rule 11(a)(2) writing as long as the defendant showed his assent by signing the same before the hearing.

However, it would seem to be in all parties' interests to have the defendant prepare the writing, since doing so would help minimize later questions as to the defendant's intent.

cutor prior to the Rule 11(c) inquiry, I must allow McHugh to withdraw his plea for the reasons explained below.

In analyzing the meaning of Rule 11(a), the place to start is with its language.

> It is elementary that the meaning of a statute must, in the first instance, be sought in the language in which the act is framed, and if that is plain, and if the law is within the constitutional authority of the law-making body which passed it, the sole function of the courts is to enforce it according to its terms. Where the language is plain and admits of no more than one meaning, the duty of interpretation does not arise, and the rules which are to aid doubtful meanings need no discussion.

*Caminetti v. United States*, 242 U.S. 470, 485, 37 S.Ct. 192, 194, 61 L.Ed. 442 (1916) (citations omitted).

■ The Rule specifically states that the reservation of the appellate argument must be "in writing." I find no ambiguity in this language. Since nothing to the contrary appears, the words must be "presumed ... to be used in their ordinary and usual sense, and with the meaning commonly attributed to them." *Id.* McHugh's plea was, therefore, faulty.

This conclusion is buttressed by analogy to other principles of criminal law. It is elementary that criminal statutes are to be strictly construed. The requirements of Fed.R.Crim.P. 11 have been applied rigorously in other contexts. *See, e.g., Mack v. United States*, 635 F.2d 20 (1st Cir.1980). Similarly, the First Circuit has held that a trial judge's failure to notify a defendant under Fed.R.Crim.P. 32(a)(2) of his right to appeal is not cured by the defendant's actual knowledge of his right to appeal. *United States v. Benthien*, 434 F.2d 1031, 1032 (1st Cir.1970).

■ Moreover,

> [t]he standard guiding the trial court in deciding a motion to withdraw a plea of guilty before sentence is simply whether or not "fair and just" reason has been advanced, see *Kercheval v. United*

*States*, 274 U.S. 220, 224, 47 S.Ct. 582, 583, 71 L.Ed. 1009, 1012 (1927). It should be liberally allowed.

*Nunez Cordero v. United States*, 533 F.2d 723, 725 (1st Cir.1976).

> A crucial consideration in most guilty plea revocation cases is whether the plea was made voluntarily *with full understanding of the charges. Brady v. United States*, 397 U.S. 742, 748, 90 S.Ct. 1463, 1468, 25 L.Ed.2d 747 (1970); *McCarthy v. United States*, 394 U.S. 459, 465, 89 S.Ct. 1166, 1170, 22 L.Ed.2d 418 (1969). "At the core of Fed.R. Crim.P. 11 is the policy that a court should not accept a guilty plea unless it determines that the plea is voluntary and the defendant understands the nature of the charges." *Mack v. United States*, 635 F.2d 20, 23 (1st Cir.1980).

*United States v. Crosby*, 714 F.2d 185, 190 (1st Cir.1983) (emphasis added).

"Full understanding of the charges" must encompass full understanding of the issue being appealed. The affirmative duty resting on the court conducting a Rule 11 hearing is all inclusive. I feel it should include assurance that the defendant understands the question to be argued and its limitations. To accomplish this a "writing" in advance of the plea must be given to the court.

Furthermore, it would not be "fair and just" to subject a defendant to controversy over what he intended to argue on appeal when he gave up his fundamental constitutional right to a trial. We have gone to proper extremes in mandating a searching inquiry and liberal application of the established guidelines. No court can treat too delicately the considerations that must be satisfied before infringing on an individual's liberty. It serves no useful purpose to engraft the right of judicial interpretation in a fact setting on Rule 11(a)(2). The end result is merely to restore to the defendant his right to a trial.

Strict adherence to the creation of a "writing" will prevent subsequent debate relative to the precise extent of the reserved appellate issue: this is an impera-

tive for finality of the plea bargaining process; it will minimize argument that there was a misunderstanding when the plea was entered and that it thus should be vacated; further, such a result, of course, would be incontrovertible if the government disputed its consent to the defendant's contended appellate question. Additionally, it is not inconceivable that for lack of a written "reservation" the government might argue that the defendant had waived his rights if an unresolvable debate ensues or there is a finding against the defendant as to the precise issue supposedly reserved. Finally, the Court must know in advance the issue being appealed.

For all these reasons I conclude the guilty plea must be set aside and a not guilty plea entered. And since this conclusion is dispositive, I need not consider the other contentions raised by the defendant.

So Ordered.