Rickey BELL, Plaintiff,

v.

Michael P. LANE, et al., Defendants.

No. 87 C 1702.

United States District Court,
N.D. Illinois, E.D.

March 18, 1987.

**816**

───────

## MEMORANDUM OPINION
## AND ORDER

SHADUR, District Judge.

Rickey Bell ("Bell") has tendered a pro se Complaint under 42 U.S.C. § 1983 against ten defendants affiliated in various capacities with the Illinois Department of Corrections ("Department"), seeking:

1. leave to file the Complaint in forma pauperis and

2. appointment of counsel.

Because the Complaint is "frivolous" in the legal sense defined by *Wartman v. Milwaukee County Court,* 510 F.2d 130, 134 (7th Cir.1975) and *Jones v. Morris,* 777 F.2d 1277, 1279 (7th Cir.1985), leave to file in forma pauperis is denied (thus rendering moot the prayer for appointment of counsel).

Bell asserts several alleged constitutional deprivations arising during his current confinement at Stateville Correctional Center ("Stateville"). None requires extended discussion.

All Bell's claims stem from the assertion that correctional officer Kevin Wiggins ("Wiggins") issued false disciplinary reports ("DRs") against Bell in retaliation for Bell's remark that a woman known to both of them was a prostitute (Complaint ¶¶ 12, 27). But an allegation of false DRs "fails to state a claim for which relief can be granted where the procedural due process protections required in *Wolff v. McDonnell* [, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974)] are provided." *Hanrahan v. Lane,* 747 F.2d 1137, 1141 (7th Cir.1984). Here Bell received all the process due him.

### Adjustment Committee Decisions

██ Bell challenges the sufficiency of the evidence supporting findings of guilt by the Stateville Adjustment Committee ("Committee") on Wiggins' DRs of June 18, 1985, February 24, 1986, March 16, 1986 and April 7, 1986. *Superintendent, Massachusetts Correctional Institution v. Hill,* 472 U.S. 445, 455–56, 105 S.Ct. 2768, 2774–75, 86 L.Ed.2d 356 (1985) (citations omitted) articulated the standard for determining whether the quantum of evidence relied upon by a prison disciplinary board satisfies due process:

We hold that the requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board to revoke good time credits.... Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.... The fundamental fairness guaranteed by the Due Process Clause does not require courts to set aside decisions of prison administrators that have some basis in fact.

In each of the four instances there was clearly "some evidence"—"some basis in fact"—to support the Committee's findings of guilt:

1. June 18, 1985: On this occasion the Committee found Bell guilty of two of the offenses charged, based upon Wiggins' positive identification of Bell as the offender (Complaint Exs. A and B).

2. February 24, 1986: Based upon information given by staff that Bell "was not on the list for a runner for Adult Ed," the Committee found Bell guilty of violating rules by having an invalid pass (Complaint Exs. D and E).

3. March 16, 1986: Here the Committee found Bell guilty of the offenses charged, based upon his admission of guilt (Complaint Exs. H and H–II).

4. April 7, 1986: In this instance the Committee found Bell guilty of three of the offenses charged, again based upon his admission of guilt (Complaint Exs. H–III and H–IV).

Thus Bell's own exhibits show the quantum of evidence supporting each decision is suf-

ficient under *Hill,* and the Committee summaries adequately specify the evidence underlying the decisions. See *Redding v. Fairman,* 717 F.2d 1105, 1115–16 (7th Cir. 1983), *cert. denied,* 465 U.S. 1025, 104 S.Ct. 1282, 79 L.Ed.2d 685 (1984). Because each DR thus had an independent factual basis, this Court is not required to accept as "well pleaded" Bell's charge in his Complaint that the DRs constituted harassment. See *Willis v. Ciccone,* 506 F.2d 1011, 1019 (8th Cir.1974). Finally, though Complaint ¶ 34 asserts Wiggins issued ten false DRs, Bell alleges no facts and provides no exhibits to demonstrate any alleged deprivation of his due process rights in connection with any DR other than the four already discussed.

### *Deprivation of Hearing Rights*

■ Bell asserts the Committee's failure to call correctional officer L. Finchem ("Finchem") at the hearing on the June 18, 1985 DR abridged Bell's right to due process, for "[o]rdinarily, the right to present evidence is basic to a fair hearing." *Wolff,* 418 U.S. at 566, 94 S.Ct. at 2979. Prison officials do have the discretion to deny an inmate's request for witnesses to protect institutional safety or to keep the length of the hearing within reasonable limits (*id.*)—but "some support for the denial of a request for witnesses" must appear in the administrative record (*Hayes v. Walker,* 555 F.2d 625, 630 (7th Cir.), *cert. denied,* 434 U.S. 959, 98 S.Ct. 491, 54 L.Ed.2d 320 (1977)), to enable the court to "determine whether the broad discretion of prison officials was exercised arbitrarily." *Redding,* 717 F.2d at 1114.

Complaint ¶ 13 alleges Bell appeared before the Committee June 24, 1985, and the hearing was continued until the Committee could locate Finchem (who was no longer employed at Stateville). Then when the Committee reconvened the hearing July 22 (Bell says July 25, but the hearing document (Complaint Ex. B) shows July 22) it found Bell guilty. Though Bell's grievance of the Committee's decision (Complaint Ex. B–II) says he was told "Finchem could not be contacted due to illness," that allegation is belied by the Committee's summary (Complaint Ex. B), which showed Finchem *was* called as a witness and gave his account of the incident. That was also the determination of Department's Administrative Review Board (Complaint Ex. C).

■ Thus the record tendered by Bell fails to support his claim. Where exhibits attached to a complaint negate its allegations, a court is not required to credit the unsupported allegations.

### *Failure To Respond to Grievances*

■ Finally, Bell seeks to hold Departmental officials liable for the alleged failure of Department's Institutional Inquiry Board to respond to his grievances concerning the Committee's rulings. That claim is also without merit, for the Fourteenth Amendment does not require administrative review of prison disciplinary actions. *Woodall v. Partilla,* 581 F.Supp. 1066, 1076 (N.D.Ill.1984).

### *Conclusion*

None of Bell's charges rises to the level of a constitutional deprivation. Accordingly he is not entitled to pursue his claims in forma pauperis under the standards set by *Wartman* and *Jones.* Leave to file in forma pauperis is denied.