923 F.2d 840
 Unpublished Disposition
NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Estanislao CORREA DE JESUS, Petitioner, Appellant,
v.
UNITED STATES of America, Respondent, Appellee.
 No. 90-1423.
 United States Court of Appeals, First Circuit.
 Nov. 27, 1990.
 
 Appeal from the United States District Court for the District of Puerto Rico; Jaime Pieras, Jr., District Judge.
 Estanislao Correa De Jesus, on brief pro se.
 Daniel F. Lopez-Romo, United States Attorney, and Carlos A. Perez, Assistant U.S. Attorney, on brief, for appellee.
 D.P.R.
 AFFIRMED.
 Before LEVIN H. CAMPBELL, SELYA and CYR, Circuit Judges.
 PER CURIAM.
 
 
 1
 In 1977 a jury in the District of Puerto Rico convicted the appellant of one count of possession with intent to distribute heroin, a violation of 21 U.S.C. Sec. 841(a)(1). As this was the appellant's second conviction under Title 21, the district court sentenced him to thirty years in prison: fifteen years for the current conviction, plus a fifteen year "enhancement" as a repeat offender. 21 U.S.C. Sec. 841(b).
 
 
 2
 Eleven years later, in November 1988, the appellant challenged the enhancement of his sentence, arguing that the Government and the court had failed to comply with the procedures for sentence enhancements set forth in 21 U.S.C. Sec. 851. In his petition, the appellant alleged four grounds for relief: (1) that the Government did not file the "information" alleging his prior convictions "before trial" as required by Section 851(a), (2) that the Government did not serve the information before trial, also as required by Section 851(a), (3) that the court did not engage him in the colloquy required by Section 851(b),[1] and (4) that he received ineffective assistance of counsel because his lawyer failed to tell him that he was exposed to an enhanced sentence.
 
 
 3
 The district court dismissed the petition, upon the Government's motion and the recommendation of a magistrate, on the ground that the Government had been prejudiced by the eleven-year delay between conviction and filing. In its Motion to Dismiss, the Government had represented that its files in the case were "destroyed in accordance with the established procedure." As a result, the Government contended, it "has no longer any means to adequately prepare and defend itself from the belated claims made by plaintiff in his Petition."
 
 
 4
 We affirm, but not on the grounds stated in the district court's order. Rule 9(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts allows the district court to dismiss a Section 2255 petition on grounds of delay, but only "if it appears that the government has been prejudiced in its ability to respond to the motion by delay in its filing...." This prejudice cannot be inferred merely from the length of the delay. Rizzo v. United States, 821 F.2d 1271, 1272 (7th Cir.1987). The Government must make a "particularized showing" of prejudice to its ability to respond. United States v. Gutierrez, 839 F.2d 648, 650 (10th Cir.1988). "Prejudice" has not been explicitly defined in the context of Rule 9(a) following Section 2255, but courts interpreting Rule 9 of the rules governing habeas corpus proceedings under 28 U.S.C. Sec. 2254 have held that the state is prejudiced if the delay "forecloses" its ability to rebut the petitioner's allegations. Harris v. Pulley, 852 F.2d 1546, 1558 (9th Cir.1988); Brown v. Maggio, 730 F.2d 293, 295 (5th Cir.1984).
 
 
 5
 We have two serious doubts about the adequacy of the Government's showing of prejudice. First, it was made entirely on the basis of unsworn representations in the Motion to Dismiss--representations that, moreover, misidentified the case file and alleged that it was destroyed after the appellant filed his petition.[2]
 
 
 6
 Second, and more important, the Government did not specifically state how the destruction of its case files affected its ability to rebut the petitioner's case, relying instead on broad, purely conclusionary assertions of prejudice. Transcripts of the trial and sentencing hearing would likely be dispositive of at least some of the issues in this case, and their apparent destruction no doubt makes the matter more difficult for the Government to litigate, but we do not, from the record before us, gain much confidence that the event "foreclosed" the Government's ability to do so. Presumably the trial judge, defense counsel and prosecutor were present at all relevant times. They may or may not have some memory of the events at issue, but the Government has not shown that it even attempted to interview the witnesses, much less that they were unavailable or had no recollection of the proceedings. Cf. Lawrence v. Jones, 837 F.2d 1572 (11th Cir.1988); Baxter v. Estelle, 614 F.2d 1030, 1035 (5th Cir.1980).
 
 
 7
 We need not resolve our doubts, as we are free to affirm the district court's decision on any ground supported by the record, even if not relied on by the district court. See Doe v. Anrig, 728 F.2d 30, 32 (1st Cir.1984). Here, the district court's decision can be affirmed because the record shows that, even accepting the appellant's factual allegations as true, there is no merit to his claims. A Section 2255 petition may be summarily denied without a hearing as to those allegations which, if taken as true, entitle the petitioner to no relief. Shraiar v. United States, 736 F.2d 817, 818 (1st Cir.1984) (per curiam); Mack v. United States, 635 F.2d 20, 26-27 (1st Cir.1980).
 
 
 8
 1. Failure to file the information before trial
 
 
 9
 Section 851(a) requires that the Government file its information "before trial." Here the appellant concedes that the Government filed its information on September 12, 1977, the same day that the jury was impaneled, but asserts that it was filed "after said trial commenced" (Petition at 4).
 
 
 10
 This tells us nothing of substance. Jury trials are deemed to "begin" at different times depending on the purpose to be served by such a determination. Arnold v. United States, 443 A.2d 1318, 1324 and n. 8 (D.C.1982). No court has yet determined precisely when a trial begins for purposes of Section 851(a), but two rules can be stated: (1) nothing in the statute prohibits the filing of an information on the same day that trial begins, see Scott v. United States, 392 A.2d 4, 6 and n. 2 (D.C.1978); and (2) there is no relevant context in which a trial has been deemed to begin any earlier than the impanelment of the jury. United States v. Jordan, 810 F.2d 262, 268 (D.C.Cir.)
 
 
 11
 Consequently, the appellant's failure to identify precisely when on September 12 the Government filed its information is a critical lapse; it renders his allegation that the information was filed "after ... trial commenced" a conclusion that echoes the statutory language, rather than a factual allegation that would enable us to assess the validity of his claim. This court is free to disregard allegations that are merely conclusions rather than statements of fact. Mack v. United States, 635 F.2d at 27, citing Otero-Rivera v. United States, 494 F.2d 900, 902 (1st Cir.1974).
 
 
 12
 The only facts in the record concerning the time of filing appear on the docket sheet, which the appellant attached to his petition as Exhibit B and thus made part of the pleadings for all purposes. Fed.R.Civ.P. 10(c). The order of the docket entries shows that the Government filed the information on September 12, as the appellant concedes, but that it did so before the jury was impaneled and thus before the trial began. Where an exhibit negates the allegations of the pleading to which it is attached, a court is not required to credit the unsupported allegations, Bell v. Lane, 657 F.Supp. 815, 817 (N.D.Ill.1987), and where the exhibit reveals facts which foreclose recovery as a matter of law, dismissal is appropriate. Associated Builders, Inc. v. Alabama Power Co., 505 F.2d 97, 100 (5th Cir.1974).
 
 
 13
 2. Failure to serve the information before trial
 
 
 14
 The appellant's second claim also is belied by an exhibit attached to his petition. The information, attached to the petition as Exhibit A, contains a Certificate of Service showing that the Government mailed the information to the appellant's attorney on September 9, 1977, three days "before trial." The appellant's argument appears to be that he actually was "served" after trial began because the Post Office did not deliver the information to his attorney until sometime after September 12. He does not, however, deny that the Government mailed the information on September 9. Consequently, his claim fails because Fed.R.Crim.P. 49(b) says that service in criminal cases "shall be made in the manner provided in civil actions", and Fed.R.Civ.P. 5(b) allows service by mail, and provides that such service is "complete upon mailing."[3]
 
 
 15
 3. Failure to engage in colloquy required by Section 851(b)
 
 
 16
 The record as it stands is silent as to whether the trial judge engaged the appellant in the requisite colloquy. But even if we assume that the trial court did not comply with Section 851(b), the appellant has not stated a claim because such an omission, in this case, would not be reversible error.
 
 
 17
 The appellant does not, and cannot, deny that he was convicted as alleged in the information. See United States v. Correa De Jesus, 708 F.2d 1283, 1284 (7th Cir.1983). He could not, moreover, have been harmed by the court's failure to notify him that any attack on this conviction must be made before sentencing, because Section 851(e) precluded him from attacking the prior conviction at any time. Section 851(e) provides that "No person who stands convicted of an offense under this part may challenge the validity of any prior conviction alleged under this section which occurred more than five years before the date of the information alleging such prior conviction." The appellant's prior conviction came in 1967, ten years before the Government filed its information. Consequently, the Section 851(b) colloquy in this case would have been a meaningless ritual.
 
 
 18
 Some courts have insisted on strict compliance with the provisions of Section 851(b), see United States v. Cevallos, 538 F.2d 1122, 1127 (5th Cir.1976); United States v. Garcia, 526 F.2d 958 (5th Cir.1976), but their decisions were "predicated upon an interpretation of Sec. 851(b) standing alone, and did not seek to assess that section's scope where, as here, challenge of the conviction underlying the enhancement information is statutorily barred" by Section 851(e). United States v. Nanez, 694 F.2d 405, 413 (5th Cir.1982). "Neither the enhancement statute nor reason requires a trial court to adhere to the rituals of Sec. 851(b) where a defendant, as a matter of law, is precluded from attacking the conviction forming the basis of the enhancement information." Id. See also Cirillo v. United States, 666 F.Supp. 613, 615-16 (S.D.N.Y.1987).
 
 4. Ineffective assistance of counsel
 
 19
 This court indulges a strong presumption against claims of ineffective assistance of counsel. See Therrien v. Vose, 782 F.2d 1, 3 (1st Cir.1986). In order to make out such a claim, the appellant would have had to show (a) that his lawyer made such serious errors that the lawyer was not functioning as the "counsel" guaranteed by the Sixth Amendment, and (b) that the deficient performance "prejudiced" him, i.e. that there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 687, 694 (1984).
 
 
 20
 The appellant cannot, as a matter of law, satisfy this standard. If, as he asserts in his appellate brief, his claim is that counsel "erred" by failing to tell the Court that the information had not properly been filed, then there was no remediable error because his own petition shows that the information was filed "before trial."
 
 
 21
 On the other hand, if the appellant claims, as he does in his petition, that the error consisted of counsel's failure to tell him about his exposure to an enhanced sentence, depriving him of the opportunity to make a timely challenge to the prior conviction alleged in the Government's information, then there was no prejudice because the appellant was precluded by Section 851(e) from challenging the prior conviction at any time.
 
 
 22
 The judgment of dismissal is affirmed.
 
 
 
 [1]
 Under Section 851(b), "the court shall after conviction but before pronouncement of sentence inquire of the person with respect to whom the information was filed whether he affirms or denies that he has been previously convicted as alleged in the information, and shall inform him that any challenge to a prior conviction which is not made before sentence is imposed may not thereafter be raised to attack the sentence."
 
 
 [2]
 The Government's attempt to rectify these errors by appending a sworn affidavit to its appellate brief was too little, too late. The affidavit was based on hearsay, and since it was presented for the first time on appeal, it is not properly before this court. See Matthews v. Marsh, 755 F.2d 182, 183 (1st Cir.1985)
 
 
 [3]
 We recognize that if the document at issue were an "information" within the meaning of Fed.R.Crim.P. 7, service would have to be made in compliance with Fed.R.Crim.P. 9(c) and 4(d), which do not authorize service by mail on a party's attorney. We do not, however, think that the "information" required by Section 851 is an "information" within the meaning of Fed.R.Crim.P. 7. First, Rule 9(c) contemplates the service of a summons or warrant, not the "information" itself; Section 851(a) makes no mention of a summons or warrant. Section 851(a), moreover, authorizes service of an information "on the person or counsel for the person," a procedure that is more consistent with Rule 49(b), which allows service of "papers" on a party's attorney, than with Rule 4(d), which requires personal service of the summons or execution of the warrant by arrest. See also United States v. Carvajal-Minota, 706 F.2d 726 (N.D.Cal.1989) (Section 851 information must be served in compliance with Fed.R.Crim.P. 49)