# United States Court of Appeals
## For the First Circuit

No. 17-1302

UNITED STATES,

Appellee,

v.

JESUS R. GONZALEZ-NEGRON,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Carmen Consuelo Cerezo, U.S. District Judge]

Before

Lynch, Circuit Judge,
Souter,* Associate Justice,
and Stahl, Circuit Judge.

Lisa Aidlin on brief for appellant.
Kelly A. Zuzman, Assistant United States Attorney, Rosa Emilia Rodríguez-Vélez, United States Attorney, and Amy E. Potter, Assistant United States Attorney, on brief for appellee.

June 13, 2018

---

* Hon. David H. Souter, Associate Justice (Ret.) of the Supreme Court of the United States, sitting by designation.

**SOUTER**, **Associate Justice**.  The defendant stands convicted of possessing a controlled substance with intent to distribute it, 18 U.S.C. § 841(a)(1), and possessing a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c)(1)(A).  His convictions rest on guilty pleas entered under an agreement that called for dismissal of other charges, including one of possessing a machine gun in furtherance of a drug-trafficking crime, which carries a mandatory 30-year minimum sentence, 18 U.S.C. § 924(c)(1)(B)(ii).  He was sentenced to imprisonment for 132 months, that being within the period the Government was permitted to recommend under the terms of the plea agreement.

While he was before the district court, he raised no timely objection to the findings of guilt or to the sentence, but he now appeals, arguing that his conviction on the gun charge is invalid owing to the district court's acceptance of his plea despite the court's failure to satisfy Rule 11 of the Federal Rules of Criminal Procedure in two closely related respects.  One provision of the Rule required the court to determine that there be a factual basis that would justify a finding at trial that the gun possession was in furtherance of the drug crime, see Fed. R. Crim. P. 11(b)(3); under the other provision, the court was obliged to ensure that the defendant

understood the legal nature of possession-in-furtherance to which he pleaded, Fed. R. Crim. P. 11(b)(1)(g). Because the claims go to the validity of the plea, we do not find them barred by a waiver of appeal rights that was contained in the plea agreement. But because the defendant failed to raise the claims in the trial court, we apply the plain error standard of review, under which he is not entitled to relief.

A demonstration of plain error "sufficient to undermine confidence in the outcome of the proceeding," United States v. Dominguez Benitez, 542 U.S. 74, 83 (2004) (internal quotation marks omitted), requires a defendant to show that the trial court committed error, which was plain, and which affects the defendant's substantial rights. See United States v. Olano, 507 U.S. 725, 732 (1993). Even then, the error does not require corrective action unless the reviewing court so exercises discretion upon finding that the error "seriously affects the fairness, integrity or public reputation of judicial proceedings." Id. The hurdle is a high one.

We look first at the adequacy of the Government's demonstration in support of the plea that there was a factual basis for the gun charge. "The necessary showing . . . is fairly modest": the Government need not "support every element of the charged crime by direct evidence," or demonstrate that the defendant is guilty beyond a reasonable doubt. United

- 3 -

States v. Ramos-Mejía, 721 F.3d 12, 16 (1st Cir. 2013). Rather, "the government need only show a rational basis in fact for the defendant's guilt." Id. "In other words, there must be some basis for thinking that the defendant is at least arguably guilty." Id. (internal quotation marks omitted).

To violate § 924(c)(1)(A), the defendant must have possessed the gun "in furtherance" of his drug dealing, not merely in connection with his commission of a drug offense, but "to advance or promote" it. United States v. Gonsalves, 859 F.3d 95, 111 (1st Cir. 2017); see H.R. Rep. No. 105-344 (1997), 1997 WL 668339, at *12. "In assessing whether a sufficient nexus exists, we consider several factors: whether the firearm was loaded, whether the firearm was easily accessible, the proximity of the firearm to the drugs, and the surrounding circumstances." United States v. Pena, 586 F.3d 105, 113 (1st Cir. 2009). We conclude that any insufficiency of particularity required to satisfy Rule 11(b)(3) on the offense charged here was far from plain.

In this case, the defendant's gun was found in the bedroom closet of his apartment, and his stash of drugs was hidden in the kitchen. As the defendant argues, "[t]he mere presence of a firearm . . . where the drug offense occurred is insufficient" to demonstrate possession "in furtherance," at least as a general rule. United States v. Bobadilla-Pagán, 747

- 4 -

F.3d 26, 35 (1st Cir. 2014). And the circumstances may require close proximity of a stored gun and drugs in order to support an inference of intent to advance or promote unlawful drug activity. See United States v. Rios, 449 F.3d 1009, 1011-14 (9th Cir. 2006). Hence if the only facts ostensibly adduced here to show "in furtherance" were the drugs and a conventional gun far apart in the same apartment, existing case law furnishes at least a serious argument that there would have been error in accepting the guilty plea without a showing of more specific facts indicating intent to further the underlying drug dealing.

Although this is the very argument that the defendant makes, it fails to account for a serious response to which it is vulnerable on the facts of this case. Given the undisputed adequacy of the Government's proffer to demonstrate that the defendant was a drug dealer, a further specific fact in the record is obviously significant: the weapon in question was not just any gun, but a pistol that had been converted from semi-automatic (as manufactured) to fully automatic, that is, to a machine gun. The destructive capacity of the gun is relevant circumstantial evidence of its purpose, see United States v. Felton, 417 F.3d 97, 105 (1st Cir. 2005), and the legal status of machine gun possession is particularly instructive on this point. Because possession of a machine gun is criminal per se except for certain very limited exceptions not relevant here,

- 5 -

see 18 U.S.C. § 924(o), the law unequivocally precludes any option to keep the gun for a lawful purpose, and supports the likelihood that the actual purpose was unlawful: here, furthering the defendant's drug crime. So does the fact that the machine gun was loaded and within the same residence as the drugs. See Pena, 586 F.3d at 113.

In sum, the facts on record, including the particular facts of the loaded machine gun's exceptional destructive capacity and the illegality of its possession, are at least arguably sufficient to satisfy the requirement of demonstrating on the record a factual basis for the "in furtherance" element as required under Rule 11. If there is thought to be any inadequacy on this point, it did not amount to error that could be treated as plain.

Much of what we have said has a bearing on the defendant's second claim of Rule 11 error, that the court failed to address him with enough care to determine that he understood the nature of the "in furtherance" charge to which he was pleading guilty. It is true that in his colloquy with the defendant before accepting the guilty pleas, the trial judge did not expressly invoke the definition of the term as meaning to intend to advance or promote the underlying crime. But, again, this is not tantamount to any plain failure to show on the record that the defendant understood the meaning of "in

furtherance" to which he was pleading. The concept of furtherance is not "esoteric," see Mack v. United States, 635 F.2d 20, 25 (1st Cir. 1980), and the defendant's acknowledgement before the court that the allegations were true is itself good evidence that he understood this element of the charge, see United States v. Cotal-Crespo, 47 F.3d 1, 6 (1st Cir. 1995). Moreover, the defendant has failed "to show a reasonable probability that, but for the error, he would not have entered the plea." Dominguez Benitez, 542 U.S. at 76. In particular, at the time the defendant entered his plea, he was facing another charge that carried a 30-year mandatory minimum term (possession of a machine gun in furtherance of a drug-trafficking crime). The defendant's plea allowed him to avoid conviction on that charge and to obtain a much lower sentence. The defendant points to nothing in the record to indicate that a more detailed explanation of the "in furtherance" element would have led him not to plead guilty. Hence, the court's failure to enquire further in expressly definitive detail was at most one of form, but not one that left the record blank on the defendant's understanding of the statutory sense of "in furtherance." There was no plain error.

Although the preceding conclusions determine the results of the appeal, we add that our reasoning would also be to the point in addressing the fourth element of plain error

analysis, whether any error seriously compromised the fairness, integrity or public reputation of the judicial process. It is enough to say at this point that no such compromise is evident on the record of the pleas in this case. That record is far more likely to convince a reader that the defendant correctly understood the meaning of the statutory elements he was admitting and consequently should be held to his plea entered in open court that he possessed his gun to further his criminal enterprise.

Affirmed.