# United States Court of Appeals
## For the First Circuit

No. 98-1788

UNITED STATES OF AMERICA,

Appellee,

v.

JOSE R. PEREZ-CARRERA,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Salvador E. Casellas, U.S. District Judge]

Before

Selya, Circuit Judge,

Coffin and Campbell, Senior Circuit Judges.

Paul M. Koziell, by appointment of the court, on brief for appellant.
Guillermo Gil, United States Attorney, Jorge E. Vega-Pacheco and Nelson Pérez-Sosa, Assistant United States Attorneys, on brief for appellee.

March 16, 2001

**SELYA, Circuit Judge.** On February 21, 1996, a federal grand jury indicted defendant-appellant José R. Pérez-Carrera (along with two codefendants). The indictment contained six counts, viz., aiding and abetting a bank robbery, death resulting, in violation of 18 U.S.C. §§ 2 and 2113(a), (d), (e) (count 1); aiding and abetting the use and carriage of automatic weapons during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 2 and 924(c)(1), (3) (count 2); aiding and abetting the taking of a motor vehicle by force and violence, intending to cause death or serious bodily harm and resulting in death, in violation of 18 U.S.C. §§ 2 and 2119(3) (count 3); aiding and abetting the use and carriage of firearms during a carjacking, in violation of 18 U.S.C. §§ 2 and 924(c)(1), (3) (count 4); aiding and abetting the possession or receipt of firearms shipped or transported in interstate or foreign commerce, in violation of 18 U.S.C. §§ 2, 922(g), and 924(a)(2) (count 5); and aiding and abetting the possession of two semi-automatic assault rifles in violation of 18 U.S.C. §§ 2, 922(v)(1), and 924(a)(1)(B) (count 6). The appellant originally pleaded not guilty across the board but subsequently moved to revise his plea.

The district court convened a change-of-plea hearing on April 9, 1997. During that session, the appellant withdrew

his original plea and entered a plea of guilty to counts 1, 2, 3, 4, and 6 pursuant to a written agreement with the government (the Plea Agreement). After conducting an extensive colloquy, see Fed. R. Crim. P. 11, the district court accepted the changed plea and scheduled disposition for August 15, 1997.

After several delays, the court convened the disposition hearing on May 27, 1998. At that time, the court dismissed count 5 of the indictment and sentenced the appellant to concurrent 293-month incarcerative terms on counts 1 and 3; a similarly concurrent 60-month term on count 6; a 120-month term on count 2, consecutive to the sentences imposed on counts 1, 3, and 6; and a 240-month term on count 4, consecutive to all the other sentences. Facing the grim prospect of 653 months in prison, Pérez-Carrera filed this timely appeal.

Proceedings before this court have brought to light a series of bevues. The Plea Agreement erroneously recited that count 2 exposed the appellant to "[a] mandatory sentence of five years." But because count 2 charged the appellant with violating 18 U.S.C. § 924(c)(1) by the use and carriage of automatic weapons, the offense carried a mandatory sentence of ten years under 18 U.S.C. § 924(c)(1)(B). By like token, the Plea Agreement mistakenly recited that the appellant faced "[a] statutory maximum sentence of TEN (10) years imprisonment" on

count 6. But because that count charged the appellant with aiding and abetting in the unlawful possession of two semi-automatic assault weapons, as that term is defined in 18 U.S.C. § 921(a)(30), the offense carried a maximum penalty of five years. See 18 U.S.C. §§ 922(v)(1), 924(a)(1)(B). These errors were repeated in the change-of-plea colloquy. During that exchange, the district court told the appellant that, if he pled guilty, he would be exposed to a mandatory sentence of five years on count 2 and a maximum sentence of ten years on count 6. These statements were inaccurate.[1]

By the time of sentencing, the probation department had filed a presentence report that recited the correct sentencing parameters for counts 2 and 6, and the court sentenced the appellant within those parameters. No one spotted the inconsistencies between the representations originally made to the appellant and the sentence actually imposed. Despite the lack of any contemporaneous objection, however, we may review the sentence for plain error. United States v. Gandia-Maysonet, 227 F.3d 1, 5 (1st Cir. 2000).[2] We warm to that task, mindful

---

[1]The Plea Agreement accurately described the penalties associated with the other counts of conviction, and the district court gave the appellant correct advice anent those penalties in the change-of-plea colloquy.

[2]The test for plain error is multi-dimensional. See United States v. Olano, 507 U.S. 725, 732 (1993) (explaining required

-5-

that part of the plain error calculus requires an appellant to show that an error was not harmless, i.e., that it affected his substantial rights. See supra note 2; see also Fed. R. Crim. P. 11(h).

As to count 6, the misstatements made by the government and the district court obviously were harmless (and, therefore, not a proper ground for setting aside the appellant's plea or sentence). Although the prosecutor and the court misinformed the appellant as to the maximum penalty for count 6, the sentence actually imposed was not only within legal limits, but also was substantially less than the mistaken maximum. Under those circumstances, there was no prejudice.[3] E.g., United States v. Camacho, 233 F.3d 1308, 1319 (11th Cir. 2000), petition for cert. filed (U.S. Feb. 20, 2001) (No. 00-8593); United States v. McDonald, 121 F.3d 7, 11 (1st Cir. 1997).

Count 2 presents a different problem. The government and the district court incorrectly advised the appellant that this count carried a mandatory five-year penalty. The appellant

---

showing as encompassing (1) an error (2) that is obvious and (3) that affects the defendant's substantial rights, (4) provided that the error, if uncorrected, also may affect the fairness, integrity, or public repute of judicial proceedings); Gandia-Maysonet, 227 F.3d at 5-6 (same).

[3]To cinch the harmless-error inquiry, the sentence imposed on count 6 was less than, yet concurrent with, the untainted sentences validly imposed on counts 1 and 3.

pleaded guilty based on that information. The court nonetheless sentenced him to ten years in prison. In light of the representations made to the appellant in connection with his guilty plea, this sentence cannot stand.

To its credit, the government concedes that, under these circumstances, the imposition of a ten-year sentence on count 2 violates Rule 11(c)(1) and is not harmless within the contemplation of Rule 11(h). In view of this concession, we think that the error is easily corrected. After all, the district court did inform the appellant that his plea to count 2 would result in the imposition of a mandatory sentence of five years. Since the United States concedes the error and informs us that it has no objection to the lesser sentence, there is no need to set aside the appellant's plea to this count. Rather, we instruct the district court, on remand, to modify the sentence imposed by reducing the incarcerative term under count 2 to five years. See Fed. R. Crim. P. 43(c)(4); United States v. Moree, 928 F.2d 654, 655-56 (5th Cir. 1991).

We are cognizant of the appellant's claim that, had he been aware of the errors discussed above, he would not have entered a guilty plea at all. Appellant's Br. at 10. This claim, however, is made in wholly conclusory terms. We have reviewed the record with care and find no basis for suspecting

that the misinformation about the terms of imprisonment available in respect to counts 2 and 6 deprived the appellant of a full understanding of the consequences of his actions or otherwise influenced his decision to change his plea. After all, counts 1 and 3 — each of which carried a maximum term of life imprisonment — were the centerpieces of the indictment, and it is surpassingly difficult to believe that, having decided to bite the bullet and plead to those grave charges, a more accurate description of the penalties associated with counts 2 and 6 would have made a dispositive difference.

We add two observations relating to different subjects. The first deals with a pro se brief filed by the appellant. We have carefully reviewed that submission (which dwells on the government's refusal to move for a downward departure at sentencing pursuant to USSG §5K1.1) and find it wholly lacking in merit. See, e.g., Wade v. United States, 504 U.S. 181, 185-86 (1992) (holding that a defendant must make substantial showing of improper motive to force review of the prosecutor's refusal to seek a "substantial assistance" downward departure); United States v. Alegría, 192 F.3d 179, 183 (1st Cir. 1999) (similar); United States v. Amparo, 961 F.2d 288, 293 (1st Cir. 1992) (noting that wholly conclusory allegations cannot overcome the government motion requirement).

Our second observation relates to yet another pro se filing. While this appeal was pending, the appellant served a pro se motion suggesting that his appointed appellate counsel had failed to raise various defenses and was, therefore, ineffective.[4] By separate order, we agreed to treat this motion as a supplemental pro se brief.

We have considered this submission. We think that it falls within the ambit of our oft-stated rule "that fact-specific claims of ineffective assistance cannot make their debut on direct review of criminal convictions." United States v. Mala, 7 F.3d 1058, 1063 (1st Cir. 1993) (collecting cases). Given the need for factfinding — a task that we, as an appellate court, are neither equipped nor inclined to undertake — that rule applies here. Consequently, we dismiss the appellant's ineffective assistance claim, without prejudice to his right to assert it in the district court by way of a petition for post-conviction relief under 28 U.S.C. § 2255.

We need go no further. Despite the unfortunate errors that occurred in the lower court, we see no manifest injustice and, thus, no compelling reason for setting aside the

---

[4]The appellant apparently faults his counsel for neglecting to pursue sundry theories of prosecutorial misconduct or to expose misrepresentations supposedly made by his trial counsel. These arguments depend almost exclusively on facts that are not evident from the existing record.

appellant's conviction or allowing him to withdraw his guilty plea.  Since the only cognizable defect in his sentence is easily corrected, we remand the case to the district court for the entry of a modified sentence in regard to count 2 and, as modified, uphold the judgment below.

**It is so ordered.**