[NOT FOR PUBLICATION — NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals
## For the First Circuit

No. 00-1769

UNITED STATES OF AMERICA,

Appellee,

v.

JUAN MARQUEZ-HERNANDEZ,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Juan M. Pérez-Giménez, U.S. District Judge]

Before

Torruella, Selya, and Lipez,

Circuit Judges.

Anita Hill Adames on brief for appellant.
Guillermo Gil, United States Attorney, Jorge E. Vega-Pacheco and Nelson Pérez-Sosa, Assistant United States Attorneys, on brief for appellee

March 15, 2002

**Per Curiam.** On December 30, 1998, a federal grand jury in the District of Puerto Rico handed up a second superseding indictment against twenty persons, including defendant-appellant Juan Márquez-Hernández. The grand jury accused these defendants of committing sundry drug-related crimes. Márquez-Hernández was named only in the first two counts. Count 1 charged that the appellant and others unlawfully conspired to possess with intent to distribute multi-kilogram quantities of cocaine in violation of 21 U.S.C. § 846. Count 2 charged the appellant with violating 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 by participating in the underlying offense — the smuggle of 689 kilograms of cocaine into Puerto Rico — on May 29, 1998.[1]

The charging papers described several overt acts that allegedly occurred in furtherance of the drug-trafficking conspiracy. Pertinently, this descriptive material related that one of the organizers of the scheme, Juan Carlos Pion, wanted a satellite telephone to assist the ring in smuggling a huge load of cocaine (containing roughly 689 kilograms) into Puerto Rico; that on May 13, 1998, a coconspirator, José Antonio Casillas, delivered more that $7,000 to fund the purchase of the device; and that four days later, at St. Marteen, the appellant

---

[1]The district court ultimately dismissed count 2, and it has no bearing on this appeal.

participated in the acquisition of a Nera satellite telephone, bought with the funds provided by Casillas, and learned how to operate it.

The appellant initially pled not guilty to both counts. On January 18, 2000, however, he entered a guilty plea to count 1 pursuant to a non-binding plea agreement. See Fed. R. Crim. P 11(e)(1)(A). The plea agreement contained several concessions favorable to the appellant. Among other things, the government agreed that it would not seek to hold him accountable for more than five kilograms of cocaine; that it would recommend not only a full three-level downward adjustment for acceptance of responsibility, see USSG § 3E1.1, but also a sentence at the low end of the applicable guideline range; and that it would invite the district court to dismiss count 2 of the indictment insofar as that count pertained to the appellant.

The district court conducted a Rule 11 hearing and permitted the appellant to change his plea. The court continued the matter several months for sentencing. The appellant and his counsel received the presentence investigation report (PSI Report) a full month before sentencing, and unreservedly acquiesced in it. At the disposition hearing, the court imposed a seventy-month incarcerative term and dismissed count 2 of the indictment. This appeal followed.

In this venue, Márquez-Hernández raises only a single issue. He concedes that, in general, the district court conducted the change-of-plea proceeding in conformity with the requirements of Fed. R. Crim. P. 11, but he claims that the court did not make an adequate inquiry into whether there was a factual basis sufficient to sustain his guilty plea. Because the appellant advances this argument for the first time on appeal — in the court below, he neither questioned the factual predicate for his guilty plea nor sought to withdraw that plea — our review is for plain error. See United States v. Valdez-Santana, 279 F.3d 143, ___ (1st Cir. 2002) [No. 00-2138, slip op. at 6]; United States v. Perez-Carrera, 243 F.3d 42, 44 (1st Cir. 2001); United States v. Gandía-Maysonet, 227 F.3d 1, 5 (1st Cir. 2000). The plain error standard requires an appellant to show four things: "(1) that an error occurred (2) which was clear or obvious and which not only (3) affected the defendant's substantial rights, but also (4) seriously impaired the fairness, integrity, or public reputation of judicial proceedings." United States v. Duarte, 246 F.3d 56, 60 (1st Cir. 2001) (citing, inter alia, Johnson v. United States, 520 U.S. 461, 466-67 (1997); United States v. Olano, 507 U.S. 725, 732 (1993)). In the plea-withdrawal context, a defendant, facing plain-error review, must, inter alia, carry the burden of

showing not only that an error transpired, but also "that the outcome would likely have been different if the error had not occurred." United States v. Hoyle, 237 F.3d 1, 5 (1st Cir. 2001). The appellant cannot carry that heavy burden here.

It is, of course, a bedrock rule, memorialized in Fed. R. Crim. P. 11(f), that the district court must not enter judgment upon a guilty plea unless and until it is satisfied that the plea rests upon an adequate factual foundation. However, the factual foundation required by the rule need not be exquisitely detailed or precise to the point of pedantry. See, e.g., United States v. Martinez-Martinez, 69 F.3d 1215, 1220 (1st Cir. 1995). In this instance, the sentencing court, although not meticulous in its efforts, appears to have done enough.

First, the court read the conspiracy charge to the appellant and took steps to ensure that he understood it. The appellant thereupon admitted that he had committed the charged crime. Second, the plea agreement, introduced as an exhibit at the change-of-plea hearing, contained the government's version of what the appellant had done to assist in the preparations for the smuggle (i.e., the procurement of the satellite telephone). The appellant verified that account at the hearing. The district court also requested that the prosecutor orally

summarize the government's evidence against the appellant. She, too, described the appellant's participation in the purchase of the satellite telephone and linked that device to the planned smuggle. The appellant acknowledged the accuracy of this narrative. Against that backdrop, the admitted facts — that the appellant participated in the acquisition of the satellite telephone and joined several coconspirators in learning how to use it — were highly incriminating, leading the court to make an explicit finding, at the close of the change-of-plea proceedings, that "there is a basis in fact for the plea."

To be sure, the district court's questioning could have been more pointed, and some of the appellant's answers may be susceptible of two interpretations — one innocent and one not. But the district court was the proper venue in which to clarify the matter, and in the absence of any contemporaneous objection, any error that may have occurred certainly was not "plain."

In all events, Rule 11(f)'s requirement — that the trial court be satisfied that a guilty plea has a basis in fact — is designed to "protect a defendant who is in the position of pleading voluntarily with an understanding of the nature of the charge but without realizing that his conduct does not actually fall within the charge." McCarthy v. United States, 394 U.S. 459, 467 (1969). Bearing in mind that a defendant's agreement

to join in a conspiracy and his actions in furtherance of it often hinge on circumstantial, rather than direct, evidence, e.g., United States v. Sepulveda, 15 F.3d 1161, 1173 (1st Cir. 1993); United States v. Gómez-Pabón, 911 F.2d 847, 853 (1st Cir. 1990), the record in this case, taken as a whole, adequately evinces the appellant's understanding of the nature of the charge and how his conduct fit within it.[2]

We need go no further. Under the totality of the circumstances, we can detect no plain error in the Rule 11 proceedings. Moreover, there is no reason, on this record, to suspect that justice has miscarried. Consequently, we uphold the trial court's acceptance of the appellant's guilty plea and reject the assignment of error.

**Affirmed.**

---

[2]We note, too, that nothing in the circumstances of this case indicates that the appellant's plea plausibly could be characterized as involuntary. The appellant had the benefit of seasoned counsel; originally pleaded not guilty and maintained that stance for approximately one year (until he negotiated a favorable plea agreement); acknowledged that he understood the nature of the charge; and tendered no objection to the PSI Report (which contained, inter alia, the government's version of the offense and of his role in it).