**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Jose Luis BAYONA, Defendant–
Appellant.**

No. 00–50365.

D.C. No. CR–00–00272–IEG.

United States Court of Appeals,
Ninth Circuit.

Submitted April 17, 2001.*

Submission vacated June 6, 2001.

Resubmitted Jan. 18, 2002.

Decided April 8, 2002.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.  R.App. P. 34(a)(2).

Before WALLACE, SNEED, and SKOPIL, Circuit Judges.

MEMORANDUM **

Federal prisoner Jose Luis Bayona appeals the conviction and twenty-four-month sentence imposed following his guilty pleas to importation of marijuana, in violation of 21 U.S.C. §§ 952 and 960, and possession of marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). Bayona attacks these statutes as facially unconstitutional under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). We review challenges to the constitutionality of statutes de novo.[1] *See United States v. Harris*, 185 F.3d 999, 1003 (9th Cir.1999), *cert. denied*, 528 U.S. 1055, 120 S.Ct. 600, 145 L.Ed.2d 498 (1999). *Apprendi* requires that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490, 120 S.Ct. 2348.

■ As this Court recently held, section 841 is not facially unconstitutional under *Apprendi* because it does not require the trial court to determine the quantity or type of drugs. *United States v. Buckland*, 277 F.3d 1173 (9th Cir.2002) (en banc). Following *Buckland*, we must also reject the constitutional challenges to the similar statutory schemes embodied in sections 952 and 960. *See United States v. Varela–Rivera*, 279 F.3d 1174, 1175 n. 1 (9th Cir. 2002); *see also United States v. Valdez–Santana*, 279 F.3d 143, 147 (1st Cir.2002) (collecting cases).

■ We next address whether Bayona's sentence violates *Apprendi* because the district court used the preponderance of the evidence standard in determining the amount of drugs involved. Because Bayona did not object at the time of sentencing, this Court reviews the constitutionality of his sentence for plain error. *See Buckland*, 277 F.3d at 1178 (citing *Johnson v. United States*, 520 U.S. 461, 466, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997)).

Bayona was sentenced to 24 months in custody, which is less than the default 5–year statutory maximum for convictions involving an unspecified quantity of marijuana. 21 U.S.C. §§ 841(b)(1)(D) and 960(b)(4). Under these circumstances, there is no *Apprendi* error affecting Bayona's substantial rights. *United States v. Garcia–Sanchez*, 238 F.3d 1200, 1201 (9th Cir.2001). Accordingly, Bayona is not entitled to relief.

AFFIRMED.

■

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

1. The government contends Bayona has waived his right to challenge the constitutionality of sections 841, 952 and 960. We have reviewed these contentions and find them to be without merit.