Morgan v. McCormack                    CV-03-179-M    04/05/04
                    UNITED STATES DISTRICT COURT

                    DISTRICT OF NEW HAMPSHIRE


James L. Morgan,
        Plaintiff

        v.                                Civil No. 03-179-M
                                          Opinion No. 2004 DNH 061
Irene McCormack,
        Defendant


                            **O R D E R**


        Pro se plaintiff, James Morgan, is an inmate at the New

Hampshire State Prison ("NHSP").  He brings this action against

Irene McCormack, a mental health counselor at NHSP, seeking

damages for what he claims was a violation of his

constitutionally protected right to privacy.  See generally 42

U.S.C. § 1983.


        Previously, plaintiff brought virtually identical claims

against Lance Messenger, the former director of the New Hampshire

Department of Corrections Sexual Offender Program - a treatment

program for inmates, like plaintiff, convicted of sexual crimes.

Plaintiff's complaint in that action was dismissed without

prejudice, for failure to comply with the exhaustion requirements

of 42 U.S.C. § 1997e, as amended by the Prison Litigation Reform Act of 1995 ("PLRA"). Morgan v. Messenger, 2003 DNH 145, 2003 WL 22023108 (D.N.H. August 8, 2003).

Currently pending before the court is plaintiff's "Motion for Order of Court Granting or Denying the Petitioner Relief under F.R.A.P. 23(c)" (document no 23). Although the precise relief plaintiff seeks is unclear, he appears to believe that he is entitled to be released from state custody pending resolution of his claims against McCormack. He is incorrect.

**Background**

As described more fully in the court's order in Messenger, supra, plaintiff was convicted in state court in 1996 of aggravated felonious sexual assault. He was sentenced to three and one-half years to life in prison, with all but seven years of the maximum suspended - essentially a three and one-half to seven year sentence, provided Morgan did not re-offend upon his release (whether on parole or upon completion of the sentence). Under the terms of that sentence, the State could seek to have the

suspended portion imposed at any time within the next 20 years, should plaintiff re-offend.

In January of 2000, plaintiff was released on parole. But, in light of his criminal sexual history (which includes a conviction in Vermont on five counts of molesting young boys, as well as the offense underlying his current incarceration), New Hampshire authorities provided, among other things, that plaintiff could not have unsupervised contact with minor children.

Fewer than six months after his release on parole, plaintiff was arrested and returned to prison for having violated various conditions of that parole, including the stipulation that he not have unsupervised contact with minor children. Absent further intervention by the State (i.e., moving the court to bring forward the suspended portion of his sentence), however, plaintiff would have fully served the period of incarceration imposed in 2002, and would have been released into the community, without any parole supervision.

3

When plaintiff was re-incarcerated for having violated parole, Lance Messenger was serving as the director of the New Hampshire Department of Corrections Sexual Offender Program. Defendant Irene McCormack was a mental health counselor who, apparently, worked with Messenger. According to plaintiff, both Messenger and McCormack had access to information in the files of inmates taking part in the program, including plaintiff. And, says plaintiff, McCormack (and Messenger) released confidential medical information from his file to a state prosecutor.

A substantial portion of plaintiff's claim against McCormack relates to information (and opinion) contained in a letter that Messenger wrote to the parole board and prosecutor. Based upon his having treated plaintiff, and in light of plaintiff's criminal sexual history, Messenger (and, presumably, defendant as well) believed plaintiff posed a high risk of recidivism and, if released from prison without adequate supervision, a real danger to the community. Upon learning that plaintiff had violated the conditions of his parole by, among other things, having unsupervised contact with a three-year-old boy on multiple occasions, Messenger contacted both the New Hampshire Parole

4

Board and the Grafton County Attorney.  Messenger described plaintiff as a "fixated pedophile," who posed a "very high risk to re-offend."  Accordingly, he recommended that the State seek to bring plaintiff's case forward and have the suspended portion of his sentence imposed, so that upon his eventual release from prison, the State might again impose parole conditions and continue to monitor his behavior.

The Grafton County Attorney promptly moved the state court to impose the suspended portion of plaintiff's sentence. Eventually, plaintiff and the prosecutor reached an agreement concerning the State's motion.  In accordance with that agreement, and following a hearing on the matter at which plaintiff was represented by counsel, the court amended plaintiff's sentencing order as follows:

> That portion of the sentence which states "All but 7 year(s) of the maximum sentence is suspended" shall be modified to reflect that "All but 20 year(s) of the maximum sentence is suspended."  All other terms of the February 9, 1996 sentence and February 22, 1996 amendment shall remain in full force and effect.

Plaintiff is currently incarcerated and serving that amended sentence (i.e., three and one-half to twenty years).

5

Plaintiff claims that, by providing the county attorney with allegedly confidential information about him, McCormack violated his constitutionally protected right to privacy. See Complaint (document no. 4), at 3 ("[Plaintiff] claims that his privacy rights were violated by McCormack's misconduct by disclosing certain medical files and information to criminal prosecutors as a state actor at the time the information was released. The expired [sic] information gives [plaintiff] grounds for filing suit pursuant to 42 U.S.C. 1983 against McCormack."). McCormack denies that she was involved in Messenger's decision to send a letter to the county attorney and further denies that she violated plaintiff's privacy rights in any way.

## Discussion

The caption of plaintiff's pending motion - "Motion for Order of Court Granting or Denying the Petitioner Relief under F.R.A.P. 23(c)" - reveals plaintiff's confusion as to the precise nature of this proceeding: he continues to misunderstand the distinction between a civil action for damages and a habeas corpus proceeding.

As is clear from plaintiff's complaint, this is a suit for monetary damages, brought pursuant to 42 U.S.C. § 1983. It is not a petition for habeas corpus relief. The Magistrate Judge explained that distinction to plaintiff and specifically informed him that if he wished to obtain habeas relief, he should file a separate action. See Report and Recommendation (document no. 8).[1]

Because this is not a habeas proceeding, plaintiff is plainly not entitled to any relief under Rule 23 of the Federal Rules of Appellate Procedure, entitled "Custody or Release of a Prisoner in a Habeas Corpus Proceeding." Accordingly, his motion is denied.

Parenthetically, the court notes that to properly proceed with his efforts to recover monetary damages against defendant - a mental health counselor at NHSP - plaintiff must first demonstrate that he has exhausted available prison administrative

---

[1] The court's docket reveals that, in 2001, plaintiff did file a petition for habeas corpus, challenging the state court's decision to reimpose a portion of his suspended life sentence. That petition was denied on the merits. Morgan v. Coplan, 2003 DNH 19, 2003 WL 181803 (D.N.H. January 24, 2003) (Barbadoro, C.J.).

remedies.  See generally Porter v. Nussle, 534 U.S. 516 (2002); Booth v. Churner, 532 U.S. 731 (2001).  See also LaFauci v. N.H. Dep't of Corr., 2001 DNH 204, 2001 WL 1570932 (D.N.H. Oct. 31, 2001) (describing in detail the New Hampshire Department of Corrections' administrative grievance scheme).  The record is silent on that point.  Plaintiff has failed to show that he exhausted (or even invoked) the prison's administrative grievance procedures before filing this § 1983 suit, but defendant has yet to file a motion to dismiss (or motion for summary judgment) on that basis.

## Conclusion

For the foregoing reasons, plaintiff's "Motion for Order of Court Granting or Denying the Petitioner Relief under F.R.A.P. 23(c)" (document no 23) is denied.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

April 5, 2004

cc:  Andrew B. Livernois, Esq.
     James L. Morgan

8